THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABIN BOLA NELLAMS,

                Plaintiff,

      v.

EAGLE MARINE SERVICES, LTD., *et al.*,

                Defendants.

CASE NO. C13-1504-JCC

ORDER GRANTING DEFENDANT PACIFIC MARITIME ASSOCIATION'S MOTION TO DISMISS, GRANTING IN PART DEFENDANT EAGLE MARINE, LTD.'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT GARY WALKAMA'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Pacific Maritime Association's ("PMA") Motion to Dismiss on the Pleadings Under Rule 12(c) or, in the Alternative, for Summary Judgment Under Rule 56 (Dkt. No. 64), Defendant Eagle Marine Services, Ltd.'s ("Eagle Marine") Motion for Summary Judgment (Dkt. No. 68), and Defendant Gary Walkama's ("Walkama") Motion for Summary Judgment (Dkt. No. 71). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant PMA's Motion, GRANTS Defendant Eagle Marine's Motion in part, and DENIES Defendant Walkama's Motion, for the reasons explained herein.

## I.  BACKGROUND

1    The Court has thoroughly summarized the factual background of the case in a previous
2    order. (Order Denying Defendant Eagle Marine's Motion for Judgment on the Pleadings, Dkt.
3    No. 42 at 1–4.)

4    In the three Motions currently before the Court, Defendants PMA, Eagle Marine, and
5    Walkama have moved for summary judgment in their favor on all charges against them. (PMA's
6    Motion to Dismiss, Dkt. No. 64 at 1; Eagle Marine's Motion for Summary Judgment, Dkt. No.
7    68 at 1; Walkama's Motion for Summary Judgment, Dkt. No. 71 at 1.) Defendant PMA has also
8    moved to dismiss all charges against it on the pleadings. (PMA's Motion to Dismiss, Dkt. No. 64
9    at 1.)

10   **II. DISCUSSION**

11
12       **A.    Defendant PMA's Motion for Judgment on the Pleadings or, in the
                  Alternative, Summary Judgment**
13

14   Defendant PMA has moved the Court for judgment on the pleadings under Federal Rule
15   of Civil Procedure 12(c) or, in the alternative, for summary judgment under Federal Rule of Civil
16   Procedure 56, on all claims against it. (PMA's Motion to Dismiss, Dkt. No. 64 at 1.) Plaintiff
17   does not oppose Defendant's Motion as it relates to Plaintiff's state law claims of racial
18   discrimination, retaliation, or intentional infliction of emotional distress. (Plaintiff's Opposition
19   to PMA's Motion to Dismiss, Dkt. No. 84 at 2.) Therefore, the Court GRANTS Defendant
20   PMA's Motion as it relates to Plaintiff's state law claims.

21   Plaintiff does, however, oppose Defendant PMA's Motion as it relates to his federal
22   claims of racial discrimination and retaliation under Title VII and 42 U.S.C. §1981. (*Id.*)

23       **1.    Legal Standard**

24   Defendant PMA has moved to dismiss Plaintiff's claims on the pleadings under Federal

25
26   ORDER GRANTING DEFENDANT PACIFIC
     MARITIME ASSOCIATION'S MOTION TO
     DISMISS, GRANTING IN PART DEFENDANT
     EAGLE MARINE, LTD.'S MOTION FOR
     SUMMARY JUDGMENT, AND DENYING
     DEFENDANT GARY WALKAMA'S MOTION
     FOR SUMMARY JUDGMENT
     PAGE - 2

Rule of Civil Procedure 12(c) or, in the alternative, by summary judgment under Federal Rule of Civil Procedure 56. The Court finds that summary judgment is the more appropriate procedure given Defendant PMA's briefing, and also finds that there exist sufficient grounds to dismiss Plaintiff's claims by summary judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and draw justifiable inferences from them in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Ninth Circuit has set a "high standard for the granting of summary judgment in

ORDER GRANTING DEFENDANT PACIFIC MARITIME ASSOCIATION'S MOTION TO DISMISS, GRANTING IN PART DEFENDANT EAGLE MARINE, LTD.'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT GARY WALKAMA'S MOTION FOR SUMMARY JUDGMENT
PAGE - 3

1   employment discrimination cases. . . [The Ninth Circuit] require[s] very little evidence to survive

2   summary judgment in a discrimination case, because the ultimate question is one that can only be

3   resolved through a 'searching inquiry'—one that is most appropriately conducted by the

4   factfinder, upon a full record." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir.

5   1996) (quoting *Lam v. University of Hawaii*, 40 F.3d 1551, 1563 (9th Cir. 1994)) (some internal

6   citations omitted).

7

8                          **2.   Federal Racial Discrimination and Retaliation Claims**

9          Defendant PMA has moved for summary judgment on all of the claims against it on the

10  following grounds: (1) PMA has no responsibility for an assault, discrimination, or harassment

11  on the docks by an employee of a member company; and (2) Plaintiff did not suffer an "adverse

12  action" and, therefore, cannot make out a prima facie case of racial discrimination or retaliation.

13  (PMA's Motion to Dismiss, Dkt. No. 64 at 10–14.)

14         The first of these grounds is sufficient to dismiss all charges against PMA. The Ninth

15  Circuit affirmed a grant of summary judgment to PMA itself in *Anderson v. Pacific Maritime*

16  *Association*—a nearly identical case. 336 F.3d 924, 931 (9th Cir. 2003).

17         In *Anderson* the Court held that PMA could not be liable to that longshoreman plaintiff

18  on his racial discrimination claims because PMA was not plaintiff's employer but rather a "non-

19  profit association of the stevedoring and shipping companies that do employ Plaintiff[]," and

20  because PMA did not supervise or exercise control over the longshoremen. *Anderson*, 336 F.3d

21  at 925–928.

22         Plaintiff argues that PMA can still be liable on a theory of indirect-employer liability.

23  (Plaintiff's Opposition to PMA's Motion to Dismiss, Dkt. No. 84 at 12.) However, this argument

24  ignores the fact that the *Anderson* Court considered, but rejected, this very theory, in regard to

25  ORDER GRANTING DEFENDANT PACIFIC
26  MARITIME ASSOCIATION'S MOTION TO
    DISMISS, GRANTING IN PART DEFENDANT
    EAGLE MARINE, LTD.'S MOTION FOR
    SUMMARY JUDGMENT, AND DENYING
    DEFENDANT GARY WALKAMA'S MOTION
    FOR SUMMARY JUDGMENT
    PAGE - 4

1 | this very Defendant, in an almost identical situation.

> When we apply the principles articulated in these precedents to the case before us, it is clear that PMA cannot be liable to the Plaintiffs under Title VII. All of our cases employing *Sibley's* rationale—and indeed *Sibley* itself—have done so in instances where the indirect employer was the entity performing the discriminatory act. In *Sibley,* it was the hospital which refused to allow the male nurse to see the patient; in *Gomez,* it was the hospital that refused to hire the company with Hispanic doctors; and in *Association of Mexican–American Educators,* it was the state that required applicants to take a test with disparate impacts on minorities. Here, on the other hand, the hostile work environment did not occur at any facility controlled by PMA, but instead at the docks and waterfront facilities controlled by the member-employers that actually employ and supervise the Plaintiffs and their putative harassers on the job site. In a circumstance like this, the considerations justifying liability under Title VII no longer apply. *Sibley* and its progeny extended Title VII coverage to indirect employers when those employers discriminated against and interfered with the employees' relationship with their employers. PMA is not interfering in any sense with the employees' relationship with their employers because it was those employers, not PMA, that allowed the allegedly hostile work environment at the sites controlled by the member-employers.

*Anderson*, 336 F.3d at 930–31.

Plaintiff has made accusations that PMA directly discriminated against him in a variety of ways, but has failed to create a genuine issue of material fact whether PMA was the entity performing the discriminatory act. (Plaintiff's Opposition to PMA's Motion to Dismiss, Dkt. No. 84 at 11–14.) It is clear that PMA was not. Plaintiff has failed to sufficiently differentiate the present case from *Anderson*. PMA is not liable for Walkama's actions as a matter of law. Therefore, the Court GRANTS PMA's Motion in full.

**B.    Defendant Eagle Marine's Motion for Summary Judgment**

Defendant Eagle Marine has moved for summary judgment under Federal Rule of Civil Procedure 56 on all claims against it. (Eagle Marine's Motion for Summary Judgment, Dkt. No. 68 at 1.) Plaintiff opposes Eagle Marine's Motion as it relates to federal and state discrimination and retaliation claims, but is abandoning his claim for intentional infliction of emotional distress. (Plaintiff's Opposition to Eagle Marine's Motion for Summary Judgment, Dkt. No. 85 at 20.)

1   Therefore, the Court GRANTS Eagle Marine's Motion in part, insofar as it relates to Plaintiff's

2   intentional infliction of emotional distress claim against it. However, this Court DENIES Eagle

3   Marine's Motion, as it relates to Plaintiff's federal and state discrimination and retaliation

4   claims, for the following reasons.

5                    **1. Legal Standard**

6          The same standard for dismissal pursuant to Federal Rule of Civil Procedure 56 discussed

7   in Section (II)(A)(1) applies here.

8              **2. Federal Racial Discrimination and Retaliation Claims**

9          Defendant Eagle Marine moves for summary judgment dismissal of the federal

10  discrimination and retaliation claims against it on two grounds: (1) Plaintiff has contradicted his

11  own prior statements in bringing his Complaint; and (2) Plaintiff has failed to allege facts which,

12  if taken as true, satisfy the prima facie case of either discrimination or retaliation. (Eagle

13  Marine's Motion for Summary Judgment, Dkt. No. 68 at 9–20.)

14         "When opposing parties tell two different stories, one of which is blatantly contradicted

15  by the record, so that no reasonable jury could believe it, a court should not adopt that version of

16  the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S.

17  372, 380 (2007). Instead, the party opposing summary judgment "must bring to the district

18  court's attention some affirmative indication that his version of relevant events is not fanciful."

19  *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) (alterations

20  omitted). A "weak issue of fact [upon which] no rational trier of fact could conclude" regarding

21  whether discrimination occurred will not defeat summary judgment, particularly when

22  "uncontroverted, overwhelming evidence in the record" points in the moving party's favor.

23  *Domingo v. Boeing Employees' Credit Union*, 98 P.3d 1222, 1231 (Wash. Ct. App. 2004).

24         Eagle Marine contends that Plaintiff's claims of racial conduct and animus directly

25
    ORDER GRANTING DEFENDANT PACIFIC
26  MARITIME ASSOCIATION'S MOTION TO
    DISMISS, GRANTING IN PART DEFENDANT
    EAGLE MARINE, LTD.'S MOTION FOR
    SUMMARY JUDGMENT, AND DENYING
    DEFENDANT GARY WALKAMA'S MOTION
    FOR SUMMARY JUDGMENT
    PAGE - 6

1    contradict his previous statements on the matter. (Eagle Marine's Motion for Summary

2    Judgment, Dkt. No. 68 at 9–10.) This is not true. While Plaintiff failed to allege racial conduct or

3    animus on Walkama's part in the time period immediately following the incident, his version of

4    the facts does not "blatantly contradict" the record—it simply leaves these issues out. Plaintiff's

5    version of the events of that evening and Walkama's potential racial conduct or animus are not

6    mutually exclusive. Although Plaintiff failed to allege racial conduct or animus until recently, his

7    previous version of events does not directly contradict the possibility that racial conduct or

8    animus existed. Therefore, the Court will adopt Plaintiff's set of facts for purposes of ruling on

9    the Motion.

10           Defendant Eagle Marine further contends that summary judgment should be granted

11   because Plaintiff cannot make out a prima facie case of racial discrimination or retaliation under

12   Title VII, or U.S.C. § 1981. These prima facie elements of discrimination (*McDonnell Douglas*

13   framework) are that: (1) Plaintiff is a member of a protected class; (2) Plaintiff was qualified for

14   his position; (3) Plaintiff experienced an adverse employment action; and (4) similarly situated

15   employees outside of Plaintiff's protected class (comparators) were treated more favorably.

16   *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004). The elements of

17   retaliation are: (1) Plaintiff engaged in a protected activity, (2) Plaintiff was thereafter subjected

18   to adverse employment action by Eagle Marine; and (3) that a causal link exists between the two.

19   *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Donahue v. Central Wash. Univ.,* 163

20   P.3d 801, 806 (Wash. Ct. App. 2007); *Oliver v. Pacific Northwest Bell Tel. Co., Inc.*, 724 P.2d

21   1003, 1005 (Wash. 1986) (The WLAD is patterned after Title VII, and decisions interpreting the

22   federal act are therefore persuasive authority for the construction of RCW 49.60.); *Fonseca v.*

23   *Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) (Courts apply the same legal

24   principles as those applicable in a Title VII case when analyzing an employee's 42 U.S.C.

25

26   ORDER GRANTING DEFENDANT PACIFIC
     MARITIME ASSOCIATION'S MOTION TO
     DISMISS, GRANTING IN PART DEFENDANT
     EAGLE MARINE, LTD.'S MOTION FOR
     SUMMARY JUDGMENT, AND DENYING
     DEFENDANT GARY WALKAMA'S MOTION
     FOR SUMMARY JUDGMENT
     PAGE - 7

1  § 1981 claim.).

2     Eagle Marine argues that there is no genuine issue of material fact that the third and

3  fourth elements of a discrimination claim and the second and third elements of a retaliation claim

4  have not been satisfied. (Eagle Marine's Motion for Summary Judgment, Dkt. No. 68 at 16–20.)

5  Both discrimination and retaliation require an "adverse employment action." In Plaintiff's

6  Complaint, he argued that he suffered an "adverse employment action" because Walkama was

7  not punished for his actions. (Complaint, Dkt. No. 1 at 5.) As Plaintiff has since admitted, this is

8  not true. (Plaintiff's Opposition to Eagle Marine's Motion for Summary Judgment, Dkt. No. 85

9  at 12.) However, it is still possible an "adverse employment action" was suffered if Walkama's

10  punishment was disproportionately light, as Plaintiff alleges. (*See id.*) Whether Walkama's

11  punishment was too light or not is a question for the factfinder.

12     The other element of a discrimination claim at issue is whether similarly situated

13  employees outside of Plaintiff's protected class were treated more favorably. At this point of the

14  litigation, there has not been *sufficient* discovery to place before the Court the facts necessary to

15  render a decision on this point.

16     The other element of a retaliation claim at issue is whether a causal link exists between

17  the protected activity Plaintiff was engaged in and the adverse employment action Plaintiff

18  suffered. Such element is necessarily dependant on whether Plaintiff did suffer an adverse

19  employment action, which this Court has concluded cannot be determined at the summary

20  judgment stage.

21     Because a genuine issue of material fact exists as to whether the prima facie elements of

22  Plaintiff's federal discrimination and retaliation claims are met, the Court DENIES Eagle

23  Marine's Motion as it relates to Plaintiff's federal discrimination and retaliation claims against it.

24          **3.   State Racial Discrimination and Retaliation Claims**

25  ORDER GRANTING DEFENDANT PACIFIC
   MARITIME ASSOCIATION'S MOTION TO
26  DISMISS, GRANTING IN PART DEFENDANT
   EAGLE MARINE, LTD.'S MOTION FOR
   SUMMARY JUDGMENT, AND DENYING
   DEFENDANT GARY WALKAMA'S MOTION
   FOR SUMMARY JUDGMENT
   PAGE - 8

1   Defendant Eagle Marine moves for summary judgment dismissal of the state

2   discrimination and retaliation claims against it on the following grounds: (1) Plaintiff has

3   contradicted his own prior statements in bringing his Complaint; (2) Plaintiff has failed to allege

4   facts which, if taken as true, satisfy the prima facie case of discrimination or retaliation; and (3)

5   the claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA").

6   (Eagle Marine's Motion for Summary Judgment, Dkt. No. 68 at 9–20.)

7   The Court's above analysis with regards to the federal discrimination and retaliation

8   claims brought against Eagle Marine applies to the state law claims as well. As discussed

9   previously, Plaintiff's prior statements do not "blatantly contradict" his claims. And, there is a

10  genuine dispute of material fact whether Plaintiff can make out a prima facie case of either

11  discrimination or retaliation. *See Oliver v. Pacific Northwest Bell Tel. Co., Inc.*, 724 P.2d 1003,

12  1005 (Wash. 1986) (The WLAD is patterned after Title VII, and decisions interpreting the

13  federal act are therefore persuasive authority for the construction of RCW 49.60).

14  Additionally, a genuine dispute of material fact exists with regard to whether the claims

15  are preempted by Section 301 of the LMRA.

16  The LMRA preempts a variety of state-law claims, including WLAD claims, when these

17  claims directly implicate, or require interpretation of, a collective bargaining agreement

18  ("CBA"). *See, e.g., Miller v. A.T. & T. Network Systems*, 850 F.2d 543, 545–56 (9th Cir. 1988)

19  (finding an intentional infliction of emotional distress claim preempted); *Aal v. Capella*

20  *Healthcare, Inc.*, 2014 U.S. Dist. LEXIS 53010 at *4 (W.D. Wash. 2014) (finding a WLAD

21  claim preempted).

22  "[N]ot every dispute. . . tangentially involving a provision of a collective-bargaining

23  agreement is preempted by 301." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 413 n. 12

24  (1988). Indeed, preemption does not apply "where the court can uphold such independent state

25

26  ORDER GRANTING DEFENDANT PACIFIC
MARITIME ASSOCIATION'S MOTION TO
DISMISS, GRANTING IN PART DEFENDANT
EAGLE MARINE, LTD.'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING
DEFENDANT GARY WALKAMA'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 9

1    claims without interpreting the terms of a CBA." *Van Scoy v. New Albertson's Inc.*, 2010 WL

2    5168787, at *1-2 (E.D. Cal. 2010) (citation omitted). However, when state law claims creating

3    non-negotiable rights require interpretation of a CBA, the claims are preempted. *Lingle*, 486 U.S.

4    at 407 n.7. ("[I]f a law applied to all state workers but required, at least in certain instances,

5    collective-bargaining agreement interpretation, the application of the law in those instances

6    would be pre-empted.").

7         It is certainly true that the CBA governs the proper procedure in response to allegations

8    of discrimination or retaliation. However, further briefing and discovery is required before the

9    Court is able to decide whether Plaintiff's claims turn on an interpretation of the CBA. In light of

10   the Ninth Circuit's high threshold for summary judgment in employment discrimination claims,

11   a genuine dispute of material fact exists whether Plaintiff's state law discrimination and

12   retaliation claims require interpretation of the CBA. *Schnidrig*, 80 F.3d at 1410 (quoting *Lam,* 40

13   F.3d at 1563). Therefore, the Court DENIES the Motion as it applies to Plaintiff's state law

14   claims against Eagle Marine.

15       **C.     Defendant Walkama's Motion for Summary Judgment**

16       Defendant Walkama has moved for summary judgment dismissal under Federal Rule of

17   Civil Procedure 56 on all claims against him. (Walkama's Motion for Summary Judgment, Dkt.

18   No. 71 at 1.)

19            **1.   Legal Standard**

20       The same standard for dismissal pursuant to Federal Rule of Civil Procedure 56 discussed

21   in Section (II)(A)(1) applies here.

22            **2.   State Retaliation, Intentional Infliction of Emotional Distress, and
                     Assault and Battery Claims**

23

24       Defendant Walkama has moved to dismiss all claims against him on summary judgment.

25   These claims include a state law retaliation claim under the WLAD, intentional infliction of

ORDER GRANTING DEFENDANT PACIFIC
26   MARITIME ASSOCIATION'S MOTION TO
DISMISS, GRANTING IN PART DEFENDANT
EAGLE MARINE, LTD.'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING
DEFENDANT GARY WALKAMA'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 10

emotional distress, and assault and battery. (Plaintiff's Opposition to Walkama's Motion for Summary Judgment, Dkt. No. 100 at 2.) Walkama so moves on the following grounds: (1) all of the claims are preempted by Section 301 of the LMRA; and (2) contrary to Plaintiff's assertions, Walkama was punished in accordance with the scope and practices of the LMRA. (Walkama's Motion for Summary Judgment, Dkt. No. 71 at 2.)

Walkama's Motion for Summary Judgment advances the same arguments as Eagle Marine's Motion for Summary Judgment and the underlying facts with regard to both Motions are the same. As the Court discussed previously, a genuine issue of material fact exists as to both whether the state law claims require interpretation of the CBA and are, therefore, preempted and whether Plaintiff suffered an adverse employment action because Walkama was punished too lightly. Because genuine issues of material fact exist whether Plaintiff's state law claims are preempted, and whether Plaintiff can make out a prima facie state law retaliation claim, the Court DENIES Defendant Walkama's Motion in full.

**III.     CONCLUSION**

For the foregoing reasons, Defendant PMA's Motion to Dismiss on the Pleadings Under Rule 12(c) or, in the Alternative, for Summary Judgment Under Rule 56 (Dkt. No. 64) is GRANTED in full, Defendant Eagle Marine's Motion for Summary Judgment (Dkt. No. 68) is GRANTED insofar as it relates to the intentional infliction of emotional distress claim against Eagle Marine, but DENIED in all other respects, and Defendant Walkama's Motion for Summary Judgment (Dkt. No. 71) is DENIED in full.

//

//

//

//

ORDER GRANTING DEFENDANT PACIFIC
MARITIME ASSOCIATION'S MOTION TO
DISMISS, GRANTING IN PART DEFENDANT
EAGLE MARINE, LTD.'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING
DEFENDANT GARY WALKAMA'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 11

1    DATED this 17 day of August 2015.

2

3

4

5

6

7

8                                        John C. Coughenour
                                         UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ORDER GRANTING DEFENDANT PACIFIC
     MARITIME ASSOCIATION'S MOTION TO
26   DISMISS, GRANTING IN PART DEFENDANT
     EAGLE MARINE, LTD.'S MOTION FOR
     SUMMARY JUDGMENT, AND DENYING
     DEFENDANT GARY WALKAMA'S MOTION
     FOR SUMMARY JUDGMENT
     PAGE - 12