THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABIN BOLA NELLAMS,

        Plaintiff,

v.

EAGLE MARINE SERVICES, INC., *et al.*,

        Defendants.

CASE NO. C13-1504-JCC

ORDER GRANTING MOTION
FOR FINAL JUDGMENT

This matter comes before the Court on Defendant Pacific Maritime Association's ("PMA") motions for entry of final judgment (Dkt. Nos. 130, 131). PMA asks this Court to enter final judgment on its order dismissing all claims against PMA (Dkt. No. 106) in response to PMA's motion for summary judgment (Dkt. No. 64). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The Federal Rules of Civil Procedure authorize district courts to direct entry of final judgment where fewer than all the original claims to an action are resolved and "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court first must determine that it is dealing with a final judgment. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) ("It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a

multiple claims action."). The Court must then determine if there is any just reason for delay. *Id.*

In the underlying matter, Plaintiff brought suit against his coworker, employer, and PMA (a payroll administrator for its member companies). (Dkt. Nos. 1, 42.) Here, there is no question that the dismissal order was a final judgment with respect to Plaintiff's claims against PMA. (Dkt. No. 26 at 5.) Further, the Court sees no just reason for delay on these facts. PMA's arguments for dismissal were unique to PMA. Plaintiff brought forth employer-based claims against PMA despite the fact that PMA was not Plaintiff's employer, but an association of which his employer was a member. (Dkt. Nos. 42 at 1–2, 106 at 4–5.)

Plaintiff argues that dismissal of PMA could result in multiple appeals. (Dkt. No. 132 at 3.) This judicial economy argument is not persuasive in light of the fact that Plaintiff recently brought a similar claim against PMA and another employer on comparable grounds as the instant case. *See Nellams v. Pacific Maritime Association*, Case No. C17-0911, Dkt. No. 1 (W.D. Wash 2017). Granting PMA's motion in this case will avoid relitigation of the same issues in the new case.

## I. CONCLUSION

For the foregoing reasons, PMA's motions for entry of judgment under Rule 54(b) (Dkt. Nos. 130, 131) are GRANTED.

DATED this 28th day of September 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE